**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

Michael Todd Braxton,

Petitioner,

v.

South Carolina Department of Mental Health,

Respondent.

Case No. 8:25-cv-09177-RMG

**ORDER**

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 24). Petitioner Michael Braxton, a state detainee proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). The R&R, issued on August 20, 2026, recommended that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's habeas petition. (Dkt. No. 24). Petitioner timely objected to the R&R. (Dkt. No. 29). For the reasons set forth below, the R&R is adopted as the Order of the Court, Respondent's motion for summary judgment is granted, Petitioner's habeas petition is dismissed, and a certificate of appealability is denied.

## I. Background

Petitioner is currently in the custody of Respondent South Carolina Department of Mental Health under a civil commitment order pursuant to South Carolina's Sexually Violent Predator

Act ("SVPA"), S.C. Code Ann. § 44-48-10 *et seq*.[1] *See generally* (Dkt. No. 1). The criminal acts leading to Petitioner's commitment proceedings are summarized as follows:

> On November 17, 1983, [Petitioner] was sentenced to thirty years' incarceration after pleading guilty to first degree criminal sexual conduct (CSC). [Petitioner] served ten years and four months of his sentence, and on March 31, 1994, he was conditionally released to the state of Tennessee on parole. On April 16, 1996, while on parole in Tennessee, [Petitioner] was arrested for two counts of aggravated rape. On May 28, 1996, while he was in custody for those arrests, South Carolina issued a parole violation warrant, and a parole violation hold was placed on [Petitioner]. [Petitioner] was held in pretrial detention until he was sentenced to twenty-three years' imprisonment in the custody of the Tennessee Department of Corrections (TDOC), and he was transferred to TDOC on June 1, 1998. On June 8, 1998, South Carolina issued a second parole violation warrant on [Petitioner]. [Petitioner] completed his sentence in Tennessee on November 2, 2015. Thus, from the time of his arrest in 1996 until he finished serving his sentence in 2015, [Petitioner] served approximately nineteen years and five months in Tennessee. Following his release, beginning November 8, 2015, [Petitioner] was incarcerated in Anderson County, South Carolina. Following an appearance before the Full Board of the South Carolina Board of Pardons and Parole on January 20, 2016, [Petitioner] was transferred back into the custody of SCDC with a release date of June 22, 2022.

*Braxton v. S.C. Dep't of Corr.*, 846 S.E.2d 383, 385 (S.C. Ct. App. 2020) (citation omitted).

On July 14, 2020, the South Carolina Attorney General's Office filed a petition to institute commitment proceedings under the SVPA. (Dkt. No. 16-1 at 41-42). Petitioner was appointed trial counsel to represent him during those proceedings, but he was displeased with his counsel's representation, so he was appointed new counsel. (Dkt. No. 16-2). After a trial, a jury found that

---

[1] The SVPA provides, in relevant part, that when a jury unanimously determines beyond a reasonable doubt that an individual is a "sexually violent predator," the individual shall be committed to "the custody of the Office of Mental Health for control, care, and treatment" until "the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and has been released pursuant to this chapter." S.C. Code Ann. § 44-48-100(A).

Petitioner was a sexually violent predator under the SVPA and the trial court ordered that he be committed. (Dkt. No. 16-1 at 346-48).

On January 24, 2024, Petitioner filed a habeas petition in the South Carolina Supreme Court, challenging his commitment under the SVPA. (Dkt. No. 16-3). The matter was then referred to a state court judge to serve as a referee. (Dkt. No. 16-4). Petitioner was appointed counsel for the state habeas proceedings. (Dkt. No. 16-5). An amended habeas petition was filed by Petitioner's appointed counsel. (Dkt. No. 16-6). After an evidentiary hearing on July 1, 2024, the referee issued an order recommending denying Petitioner's claims on January 14, 2025. (Dkt. No. 16-8). After considering Petitioner's objections to the recommendation, the South Carolina Supreme Court issued an order denying Petitioner's requested relief. (Dkt. No. 16-10).

Thereafter, on July 30, 2025, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging 15 grounds for relief. (Dkt. No. 1). In particular, Petitioner raises claims of ineffective assistance of trial and habeas counsel, trial court error during habeas proceedings, and continued confinement despite recommended release by one of Respondent's healthcare providers. *Id*. at 6-22. Respondent filed a return and a motion for summary judgment on all of Petitioner's claims. (Dkt. Nos. 16, 17). On August 20, 2026, the Magistrate Judge—construing the petition as one brought pursuant to 28 U.S.C. § 2254[2]—issued the R&R,

[2] It is not entirely clear whether claims challenging involuntary commitment to a mental hospital should be brought under 28 U.S.C. § 2254 or § 2241. *Compare Gaster v. S.C. Dep't of Corr.*, 67 F. App'x 821 n.* (4th Cir. 2003) (unpublished per curiam) ("Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, the magistrate judge properly characterized it as a petition under 28 U.S.C. § 2241."), *with Yo v. Smith*, No. 24-7071, 2025 WL 3776731, at *1 n.* (4th Cir. Dec. 30, 2025) (unpublished per curiam) (discerning no error in the district court's decision to construe the petitioner's § 2241 petition challenging the validity of a civil commitment order as a petition filed under § 2254).

recommending that the motion for summary judgment be granted with respect to all of Petitioner's claims and that the petition be dismissed. (Dkt. No. 24). Petitioner timely objected to the R&R. (Dkt. No. 29). This matter is ripe for review.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

---

Notwithstanding, the Supreme Court has held that detainees under an involuntary civil commitment by a state court may challenge their commitment under § 2254 because they meet the requirement of being "in custody." *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("[F]ederal habeas corpus review may be available to challenge the legality of a state court order of civil commitment . . . ."). *See also* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . ."). Accordingly, the Magistrate Judge did not err by construing Petitioner's habeas petition as one filed pursuant to § 2254.

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**C. Federal Habeas Review**

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Critically, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**D. Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (citation omitted). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996) (citation omitted). The party seeking summary judgment shoulders the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

### A. Objection One

Petitioner argues that the Magistrate Judge erred by concluding that his challenge to the referee's "[n]on compliance with a mandatory order rendered by the State Supreme Court" was not a cognizable federal habeas claim.[3] (Dkt. No. 29 at 2). Specifically, Petitioner contends that

---

[3] The order Petitioner is referencing is an administrative order issued by the Supreme Court of South Carolina regarding ineffective assistance claims in sexually violent predator cases. That

the referee's failure to comply with the South Carolina Supreme Court's order "was not only [p]rejudicial to the Petitioner, but it [again] brings into question the [j]udicial integrity of the [s]tate [c]orrective [p]rocess." *Id*.

Notwithstanding the ostensible merits of Petitioner's argument, this claim is not cognizable on federal habeas review because it would require the Court to reexamine a state court's compliance with state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding federal habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" and "does not lie for errors of state law") (citation omitted). Therefore, the Magistrate Judge correctly concluded that summary judgment was appropriate on this claim.

**B. Objection Two**

Petitioner further contends that the Magistrate Judge erred by granting summary judgment on Claims Two through Eleven and Claim Fourteen based on the conclusion that Petitioner has no right to counsel in his state habeas proceedings. Petitioner asserts that, "[g]iven the significant Due Process implications inherent in civil commitments," the right to counsel is a "[c]onstitutional one" arising under the Fourteenth Amendment and the South Carolina Constitution. (Dkt. No. 29 at 2). As such, because his state habeas proceedings relate directly to his civil commitment, Petitioner

order, which was issued in December 2023, provides that a final report and recommendation must be filed with "the Clerk of the Supreme Court within thirty days of the conclusion of the hearing and serve the report on all counsel of record and the petitioner." *See Ineffective Assistance Claims in Sexually Violent Predator Cases*, No. 2023-001727, at 3 (S.C. Sup. Ct. Dec. 2023), https://www.sccourts.org/media/courtOrders/PDFs/2023-12-28-01.pdf. Petitioner appears to take issue with the referee's failure to issue a report within thirty days of the July 1, 2024 hearing, noting that the final report was not issued until January 14, 2025, and that the record contains no indication that the referee was granted an extension of time.

believes that the constitutional right to counsel extends to those proceedings. *Id*. He also argues that there is a genuine dispute of material fact concerning whether habeas counsel acted with the utmost care while representing him. *Id*. at 2-3.

In Claims Two through Eleven and Claim Fourteen, Petitioner alleged that his appointed state habeas counsel rendered ineffective assistance under *Strickland v. Washington*[4] in several respects, including by failing to argue that both of Petitioner's appointed trial counsels provided ineffective assistance during the commitment proceedings and failing to seek relief from the South Carolina Supreme Court based on the referee's noncompliance with an administrative order. (Dkt. No. 1 at 6-7, 11-19). In rejecting Petitioner's claims, the Magistrate Judge determined that, because ineffective assistance of collateral counsel is not a ground for habeas relief, summary judgment was appropriate. (Dkt. No. 24 at 10-11).

Petitioner's objection fails because it is well-settled that there is no right to counsel in state habeas proceedings, so a claim of ineffective assistance during such proceedings is unavailable. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. [The petitioner] contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective . . . .") (citation omitted). Accordingly, even if Petitioner is correct that there is a genuine dispute of whether his habeas counsel performed ineffectively, any such errors on the part of counsel cannot be constitutionally ineffective. Thus, the Magistrate Judge was

---

[4] 466 U.S. 668 (1984).

correct in granting summary judgment on Petitioner's claims of ineffective assistance by habeas counsel.

**C. Objection Three**

Petitioner claims that the Magistrate Judge incorrectly concluded that he does not have a constitutional right to counsel in the context of civil commitment proceedings. (Dkt. No. 29 at 3). Petitioner again maintains that because commitment proceedings implicate Due Process concerns, they must be accompanied by appropriate procedural safeguards, including the right to effective counsel. *Id*. Moreover, Petitioner argues that the Magistrate Judge also erred by concluding that the referee did not unreasonably apply *Strickland* when finding that Petitioner's second-appointed trial counsel did not render ineffective assistance during Petitioner's civil commitment proceedings. *Id*. at 4-5. He specifically asserts that trial counsel was ineffective because he should have raised an ex post facto challenge to the SVPA, as the law's statutory scheme is so punitive that it cannot be reasonably considered civil. *Id*. at 5.

During his habeas proceedings, Petitioner claimed that trial counsel provided ineffective assistance under *Strickland* by failing to argue that application of the SVPA to Petitioner was an ex post facto violation. (Dkt. No. 16-8 at 9). In rejecting this claim, the referee articulated that the ex post facto clause applies only to laws that are criminal or penal in purpose and nature. *Id*. So, because the referee concluded that it was well-established that the SVPA is a civil, nonpunitive scheme, he found that trial counsel was not deficient under *Strickland* for failing to raise a frivolous or known non-meritorious issue before the court. *Id*. at 10.

The Magistrate Judge agreed with the referee's conclusion. Before addressing the merits of Petitioner's claim, however, the Magistrate Judge first considered whether there was even a federal right to counsel during civil commitment proceedings. (Dkt. No. 24 at 11-12). The R&R

noted that, while South Carolina law suggests that detainees are entitled to counsel during SVPA proceedings, the central question on federal habeas review is whether Petitioner's *federal* rights were violated. *Id*. at 11.

First, the Magistrate Judge reasoned that the Sixth Amendment only applied to criminal cases, so there was no Sixth Amendment right to counsel in the SVPA proceedings. *Id*. at 11-12. Next, the Magistrate Judge determined that although "[i]nvoluntary civil commitments unquestionably implicate the Due Process Clause and must be accompanied by appropriate procedural protections," Due Process does not always require effective assistance of counsel. *Id*. at 12 (citing cases that suggested that, under some circumstances, due process concerns do not always require the provision of counsel). Accordingly, the Magistrate Judge reasoned that, in the absence of binding precedent, he could not say that Petitioner had a right to counsel in civil commitment proceedings. *Id*. at 13.

Nevertheless, the Magistrate Judge concluded that, even if Petitioner had a constitutional right to effective counsel in SVPA proceedings, he failed to show that the referee's application of *Strickland* was unreasonable. Particularly, the Magistrate Judge stated that it was well-established by state and federal courts that the SVPA is a civil, non-punitive law. *Id*. at 15. Accordingly, the Magistrate Judge determined that "because any argument regarding violation of the ex post facto clause was without merit, [the referee] reasonably concluded that [trial counsel] was not deficient in his representation." *Id*. at 16. Therefore, the Magistrate Judge found that summary judgment was appropriate on this claim.

Assuming, without deciding, that Petitioner has a constitutional right to counsel during SVPA proceedings, the Court finds that the Magistrate Judge correctly concluded that the referee's application of *Strickland* was not unreasonable.

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment of the United States Constitution. *Id*. at 687–88. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Failure to satisfy both prongs of the *Strickland* test, "defeats the ineffectiveness claim." *Id*. at 700. "The standards created by *Strickland* and § 2254(d) are both highly deferential, . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation and punctuation omitted). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Petitioner claims that his trial counsel rendered ineffective assistance by not arguing that the SVPA as applied to him violated the ex post facto clause. That clause "forbids the application of any new punitive measure to a crime already consummated." *Kansas v. Hendricks*, 521 U.S. 346, 370 (1997) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995)). To determine whether a challenged law imposes punishment, the Supreme Court has developed a two-pronged inquiry. *See Smith v. Doe*, 538 U.S. 84, 92 (2003). First, the Court considers "whether the legislature meant the statute to establish civil proceedings." *Id.* (citation and punctuation omitted). If not, and the "intention of the legislature was to impose punishment, that ends the inquiry." *Id.* But if the legislature intended to "enact a regulatory scheme that is civil and nonpunitive," the Court proceeds to the second step. *Id.* There, the Court asks whether the statute is "so punitive

either in purpose or effect as to negate the State's intention to deem it civil." *Id.* (citation and punctuation omitted). But because courts "ordinarily defer to the legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id.* (citation and punctuation omitted).

Judged against these principles, it has been held that the SVPA "creates a system of civil, not criminal, detention." *See Michau v. Charleston Cnty.*, 434 F.3d 725, 727 (4th Cir. 2006) (citing *In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001)). The South Carolina Supreme Court has accordingly reasoned that the law is a non-punitive act, meaning that the law does not raise ex post facto concerns. *See In re Matthews*, 550 S.E.2d at 316 (holding the SVPA does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment). *See also id*. (noting that the SVPA is effectively identical to Kansas' Sexually Violent Predator Act, which the United States Supreme Court ruled had a civil, non-punitive scheme in *Kansas v. Hendricks*). Accordingly, because any ex post facto challenge to the SVPA would have been meritless, Petitioner's trial counsel was not deficient for failing to raise it. *See Smith v. Padula*, 444 F. Supp. 2d 531, 539 (D.S.C. 2006) ("[T]rial counsel cannot be ineffective for failing to make a meritless futile objection."). The Magistrate Judge therefore correctly concluded that the referee's application of *Strickland* was not unreasonable, making summary judgment appropriate on this claim.

**D. Objections Four and Five**

Petitioner's final two objections fail to direct the Court to a specific error in the R&R. (Dkt. No. 29 at 5-6). Thus, the Court has reviewed the remainder of the R&R for clear error and found none. *See Diamond*, 416 F.3d at 315.

## IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## V. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 24) is **ADOPTED** as the Order of the Court, Respondent's motion for summary judgment (Dkt. No. 17) is **GRANTED**, Petitioner's habeas petition (Dkt. No. 1) is **DISMISSED**, and a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 23, 2026
Charleston, South Carolina